UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SEEMAN HOLTZ PROPERTY AND CASUALTY, LLC<br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABEL CASILLAS GUZMAN AS ADMISTRATOR OF THE UNITED STATES SMALL BUSINESS ADMINISTRATION<br>    Defendants. | Case No. 1:23-cv-24749 |

## COMPLAINT

Plaintiff Seeman Holtz Property and Casualty LLC ("SHPC") brings this action under the Administrative Procedure Act ("APA") for an order requiring Defendants the United States Small Business Administration ("SBA") and Isabel Casillas Guzman as Administrator of the SBA ("Guzman") to implement Congress' mandate under the Business Loan Program Temporary Changes; Paycheck Protection Program ("PPP")—Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act (the "Business Loan Program"). SHPC states the following in support of its Complaint:

## NATURE OF ACTION

1. Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to provide emergency economic stimulus to American businesses due to devasting shutdowns during the COVID-19 pandemic. As part of the CARES Act, the PPP program provided loan funds to support small businesses. Congress subsequently enacted the Business Loan Program, allowing businesses to apply for forgiveness of their PPP loans. PPP loans may be forgiven to the extent funds are spent on qualifying expenses including payroll costs, payments on business mortgage interest payments, rent, or utilities. A borrower must submit an application to

1

their lender with supporting documents to prove their loan forgiveness eligibility. If the documents provided indicate ineligibility, then the SBA may undertake an independent review of the borrower's application. The SBA issues a final forgiveness decision after completing its review.

2. The SBA began reviewing SHPC's loan forgiveness application nearly **three years ago**. The SBA fails to issue a final forgiveness decision, despite receiving all requisite documentation from SHPC. SHPC filed two appeals and one motion requesting that the SBA issue a forgiveness decision without resolve. The SBA neglects its ministerial duties, lacking any reasonable basis for its continued delay. Meanwhile, SHPC is facing notices from a collection agency seeking repayment of the loan, and over $1 million in interest and administrative costs. Every day the SBA fails to issue a decision, interest accrues, and SHPC's financial strain grows. For these reasons, SHPC requests that the Court issue an order, or alternatively, a writ of mandamus, compelling the SBA to issue a final loan decision.

## PARTIES

3. SHPC is a Delaware Limited Liability Company with its principal place of business in the State of Florida.

4. The SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633. The SBA maintains a branch office at 51 SW 1st Avenue #201, Miami, Florida 33130, which is within the Southern District of Florida.

5. Guzman is the Administrator of the SBA and is sued solely in her official capacity.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 634(b)(1) and can award declaratory relief pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1361, and § 1651.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1).

**Facts**

8. SHPC applied for a $4,269,400 PPP loan from Needham Bank on April 7, 2020.

9. SHPC applied for loan forgiveness on December 30, 2020.

10. The SBA subsequently began reviewing SHPC's loan forgiveness application.

11. Needham Bank was required to upload SHPC's application documents to the SBA's online portal. Every time the SBA requested additional documents, SHPC provided Needham Bank documents for upload.

12. On April 11, 2022, the SBA sent a letter informing Needham Bank that SHPC's application lacked the following documents: (1) a picture ID for all principals; (2) signed, filed tax returns for 2018, 2019, and 2020; (3) IRS transcripts for 2018, 2019, and 2020; (4) a signed 4506-T form; (5) bank statements- one month prior to loan disbursement, all months of the covered period, and one month after the covered period; (6) 1099 forms; (7) a filed copy of DBA documentation or a secretary of state filing; (8) and SHPC's business license. *See* Exhibit A. The SBA's April 11 letter gave Needham Bank twenty business days to provide additional documentation. *Id.*

13. The SBA issued its first decision denying loan forgiveness on May 5, 2022—less than twenty business days after the April 11 letter. *See* Exhibit B. Needham Bank was entitled to additional time in which to submit documents on behalf of SHPC. The SBA *disregarded its own designated timeline.*

14. The May 5 decision stated SHPC's application missed the following documents: (1) a signed 2483 form; (2) 2019 941s with detailed payroll listing all employees' wages; (3) a picture ID for all principals; (4) signed, filed tax returns for 2018; (5) 2018, 2019, and 2020 tax

transcripts; (6) a filed copy of the DBA documentation or Secretary of State filing; (7) and SHPC's business license. *Id.* The SBA based its May 5 decision on additional documents *never requested* in the April 11 letter, including (1) a signed 2483 form, (2) and 2019 941s with detailed payroll listing all employees' wages. *Id.*

15. On June 10, 2022, SHPC filed its first appeal with the Office of Hearings and Appeals ("OHA"), which provides independent, quasi-judicial appeals for SBA decisions. SHPC explained it submitted nearly all the above-mentioned documents to Needham Bank. Apart from the 2018 tax return (which inadvertently missed a signature page) and the IRS transcripts (which remained outstanding because of the IRS backlog through no fault of SHPC), Needham Bank received all the documents from SHPC. However, Needham Bank failed to upload the provided documents to the SBA portal. SHPC submitted the missing 2018 tax return signature page to the SBA and attached the completed document to its first appeal.

16. The SBA subsequently withdrew its first decision and resumed its review of SHPC's application.

17. On August 18, 2022, the SBA sent Needham Bank a letter requesting the following documents: (1) signed, filed 2018, 2019, and 2020 tax returns for the principal/owner; (2) 2018, 2019, and 2020 tax transcripts; (3) a 2483 form; (4) a 1149 form transcript of account; (5) a signed IRS form 4506-C; (6) a copy of Borrower's social security card; (7) an EIN verification letter; (8) a 2019 and 2020 payroll summary including all employees; (9) a 2019 and 2020 full year P&L; (10) a 2019 and 2020 list of all individuals earning over $100,000 with their salary information; (11) 2019 and 2020 1099's; (12) 2019 and 2020 SUTA documentation; (13) 2019 and 2020 employer paid health insurance; (14) 2019 and 2020 employer paid retirement; (15) an addendum A; (16) payroll documentation; (17) three months of business bank statements – to include the

month prior to disbursement and the following two months; (18) 2019 941's Q-1 to Q-4; (19) 2020 941's Q-1 to Q-4; (20) a 2019 and 2020 W-3; (21) 2019 and 2020 W-2's; (22) a 2019 and 2020 940; (23) 2019 and 2020 1099's; (24) articles of organization; (25) an operating agreement; (26) and a certificate of good standing.  *See* Exhibit C.

18. SHPC diligently responded to all the SBA's document requests and confirmed the status of document submissions in a September 1, 2022 letter.  *See* Exhibit D.  The only probative documents SHPC could not provide included: (1) the tax returns for the former principals of SHPC, who were principals at the time of its PPP loan application, and (2) the tax transcripts.  *See id.* SHPC could not provide the tax returns for the former principals because they were not in SHPC's custody or control.  *Id.*  One of those SHPC former principals died, and the other principal disaffiliated from SHPC in 2021.  *Id.*  However, the SBA had the complete applicable tax returns for SHPC.  *See id*.  The tax transcripts remained outstanding due to the IRS backlog through no fault of SHPC.  *Id.*

19. On September 19, 2022, the SBA sent Needham Bank another letter requesting the following documents: (1) signed, filed tax returns for 2018, 2019, and 2020 for the principal/owner; (2) IRS transcripts for 2018, 2019, and 2020; (3) a 2483 form; (4) a 1149 form; (5) a signed 4506-C form; (6) a copy of Borrower's social security card (7) an addendum A; (8) a 2019 941's Q-1 to Q-4; (9) a 2019 W-3; and (10) a 2019 940.  *See* Exhibit E.

20. SHPC diligently responded to all the SBA's document requests and confirmed the status of document submissions in an October 14, 2022 letter.  *See* Exhibit F.  The only probative documents SHPC could not provide included: (1) the tax returns for the former principals of SHPC, who were principals at the time of its PPP loan application, and (2) the tax transcripts.  *See id.*

5

SHPC again explained the reason the tax returns for the former principals and the tax transcripts remained outstanding.  *See id.*

21.     The SBA denied SHPC loan forgiveness on October 20, 2022.  *See* Exhibit G.  The SBA based its decision *solely on the outstanding tax transcripts*, stating, "[m]ultiple requests have been made by the SBA to retrieve IRS transcripts for tax years 2018, 2019, and 2020 in order to verify the tax returns provided.  However, as the requested required information was not returned, eligibility for forgiveness could not be established, and this therefore deems the loan ineligible for forgiveness."  *See id.*

22.     SHPC filed its second appeal on November 21, 2022, again explaining the outstanding tax transcripts due to the IRS backlog through no fault of SHPC.

23.     After persistent calls to Helen Romanez, the SBA's attorney, imploring her to review all SHPC's records, the SBA withdrew its decision and filed a Motion to Dismiss SHPC's second appeal.  As a result, OHA entered an order vacating the decision and remanding the loan's review on December 27, 2022.

24.     SHPC finally received accurate tax transcripts from the IRS on January 9, 2023, and submitted them to Needham Bank.

25.     Needham Bank uploaded the tax transcripts to the SBA portal on January 10, 2023.

26.     Although SHPC's tax transcripts were submitted to the SBA **nearly one year ago**, the SBA still fails to issue a final forgiveness decision.  Considering the SBA based its decision to deny SHPC loan forgiveness solely on the outstanding tax transcripts, which the SBA has had for nearly one year, the SBA's failure to issue a decision is both unreasonable and without legitimate grounds.  *See id.*

27. SHPC maintains active efforts to contact and receive a final decision from Attorney Romanez.  *See* Exhibit H.  Specifically, on September 7, 12, and 28, 2023, SHPC asked Attorney Romanez to provide updates on the forgiveness decision's progress.  *Id.*  Attorney Romanez remains unresponsive, leaving SHPC without resolve.

28. SHPC is unable to obtain any remedy from OHA regarding the SBA's failure to issue a decision.  On November 9, 2023, SHPC filed a motion requesting that OHA order the SBA to issue a decision or promptly reopen SHPC's case.  OHA declined to review the motion, stating "[s]ince there is no longer a Final SBA Loan Review Decision ("FLRD") regarding th[e] Loan, there is no jurisdiction for OHA to adjudicate th[e] matter."  *See* Exhibit I.

29. SHPC is in receipt of an August 23, 2023 letter seeking debt collection in the total amount of $5,694,125.69—comprised of principal in the amount of $4,269,400.00, plus $44,331.58 of interest, and $1,380,394.11 in administrative costs on behalf of the SBA.[1]  SHPC is also incurring legal expenses throughout this drawn-out process, adding to its financial strain.

**COUNT I**
**UNLAWFULLY WITHHELD OR UNREASONABLY DELAYED AGENCY ACTION**

30. Plaintiff realleges the allegations set forth in paragraphs 1-29 and incorporates them by reference herein.

31. The APA imposes a nondiscretionary duty on Defendants to conclude matters presented to them "within a reasonable time."  5. U.S.C. § 555(b).

32. The APA requires the Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

33. Additionally, the All Writs Act authorizes the Court to "issue all writs necessary or appropriate in aid of" its jurisdiction.  28 U.S.C. § 1651(a).  Moreover, 28 U.S.C. § 1361 provides

---

[1] SHPC contests the amount of costs and administrative costs the SBA seeks.

7

that the "district courts, shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

34. A PPP loan borrower must submit an application and supporting documents to their lender to prove their eligibility for loan forgiveness. If the documents provided indicate ineligibility, then the SBA may undertake an independent review of the borrower's application. The SBA issues a final forgiveness decision upon concluding its review.

35. Plaintiff's second appeal concerned only the missing tax transcripts. Plaintiff provided the tax transcripts to the SBA nearly one year ago. Defendants lack any reasonable basis for continuing to delay their forgiveness decision—violating their duty to conclude matters within a reasonable time under the APA. *See* 5. U.S.C. § 555(b).

36. Plaintiff is harmed and continues to be harmed by Defendants' failure to issue a decision. Plaintiff is facing debt collection in the total amount of $5,694,125.69—comprised of principal in the amount of $4,269,400.00, plus $44,331.58 of interest, and $1,380,394.11 in administrative costs.

37. Plaintiff is also continuing to incur legal expenses as a direct and proximate result of Defendants' failure to issue a decision.

38. Defendants' unreasonable delay requires judicial intervention under 5 U.S.C. § 706. Plaintiff otherwise has no adequate remedy.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff respectfully request the Court grant the following relief:**

   a. Issue an order pursuant to 5 U.S.C. § 706(1), or alternatively, a writ of mandamus pursuant to 28 U.S.C. § 1651(a), compelling the Defendants to issue a final loan decision within one month.

   b. Grant the Plaintiff reasonable attorney's fees, costs, and expenses incurred in prosecuting this action, and other relief as is just and proper.

Dated:  December 14, 2023

    Respectfully Submitted,

    /s/ Steven Brotman
    Steven Brotman
    FL Bar No. 85750
    LOCKE LORD LLP
    777 South Flagler Drive
    2nd Floor
    West Palm Beach, FL 33401
    Phone:  561-820-0248
    steven.brotman@lockelord.com

    /s/ Allison M. O'Neil
    Allison M. O'Neil (*pro hac vice pending*)
    LOCKE LORD LLP
    111 Huntington Avenue
    9th Floor
    Boston, MA  02199-7613
    Phone:  617-239-0100
    allison.oneil@lockelord.com

    *Attorneys for Plaintiff Seeman Holtz Property and Casualty, LLC*